# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

JOSHUA BRYAN JOHNSON                                                            PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:17-CV-P173-TBR

JAILER KEN CLAUD                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joshua Bryan Johnson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed in part and allowed to continue in part, and Plaintiff will be afforded an opportunity to amend.

## I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate housed at the Calloway County Jail (CCJ), sues Jailer Ken Claude in his official capacity. He alleges that during his nearly sixteen-month stay in CCJ he has not been given medicine for his severe migraine headaches. He states that he cannot afford to purchase over-the-counter medicine from the canteen and that "the nurse and staff here at Calloway County Jail tell me to purchase them or don't come to jail." He states that he has filled out "several med-call forms to try to get Tylenol or aspirin put on med care only to be treated like my health means nothing to the jail."

Plaintiff also alleges that Dr. Paulis has only seen him one time and that "the only thing he did was take blood pressure. I am being denied proper medical care."

Plaintiff next alleges that "the only incoming mail is in the form of postcard and the jail makes a copy and throws the original copy away." He also states that a "jailer can deny prisoner to prisoner mail." He states that the only form of mailing for outgoing mail is a postcard. He alleges that this rule violates an inmate's "right to a proper trial by writing this on a open postcard where everyone can read."

As relief, Plaintiff asks for monetary damages and "to fix the mailing procedures."

## II. **ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989).  Therefore, in the case at bar, Plaintiff's claim against Defendant Claud in his official capacity is actually brought against the Calloway County government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Calloway County, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*, *Tex*., 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v.*

*City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, the Court finds that Plaintiff has alleged a policy or custom that is the moving force behind his alleged inability to obtain medication for his migraines and regarding the postal restrictions he outlines in his complaint. The Court further finds that the allegations regarding the lack of medication and the postal restrictions state constitutional claims. Because Plaintiff has alleged constitutional violations due to a custom or policy of CCJ regarding his inability to obtain medication and regarding the postal restrictions, the Court will allow those claims to continue. In doing so, the Court offers no opinion on their ultimate merit.

The Court interprets Plaintiff's allegations that Dr. Paulis has only seen him one time, that the only treatment Dr. Paulis gave him was to take his blood pressure, and that he is "being denied proper medical care" to be an Eighth Amendment claim of deliberate indifference to his serious medical needs. The Court finds that Plaintiff does not allege a policy or custom behind his claim that he did not receive adequate medical attention from Dr. Paulis or others. Therefore, his official-capacity claim for this allegation cannot continue. It will be dismissed, but Plaintiff will be given an opportunity to amend his complaint to name in their individual capacities the Defendant(s) responsible for the alleged denial of medical treatment. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

4

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the § 1983 claim against Defendant Claud for failing to provide medical treatment in his official capacity is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(l) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff may amend his complaint as instructed in this Memorandum Opinion and Order **within 30 days**. That is, Plaintiff may amend his complaint to name individuals he alleges failed to provide proper medical care for his migraine headaches in their individual capacities.

The Clerk of Court is **DIRECTED** to send to Plaintiff a 42 U.S.C. § 1983 complaint form with this case number and the word "Amended" written thereon along with three blank summons forms. Should Plaintiff file an amended complaint, the Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A.

After the time period in which Plaintiff may amend his complaint has passed, the Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claim**s.**

Date:


cc: Plaintiff, *pro se*
      Defendant
      Calloway County Attorney
4413.009