# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

JOSHUA BRYAN JOHNSON                                                                 PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:17-CV-P173-TBR

JAILER KEN CLAUD et al.                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joshua Bryan Johnson, filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. On screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the complaint was dismissed in part and allowed to continue in part, and Plaintiff was afforded an opportunity to amend. Plaintiff has filed his amended complaint (DN 10), which the Court will now screen under § 1915A.

## I. SUMMARY OF CLAIMS

In his original complaint, Plaintiff, a convicted inmate then housed at the Calloway County Jail (CCJ), sued Jailer Ken Claud in his official capacity. He alleged that during his nearly sixteen-month stay in CCJ he had not been given medicine for his severe migraine headaches. He stated that he cannot afford to purchase over-the-counter medicine from the canteen and that he had filled out "several med-call forms to try to get Tylenol or aspirin put on med care only to be treated like my health means nothing to the jail."

Plaintiff also alleged that Dr. Paulis, who was not named as a Defendant, had only seen him one time and that "the only thing he did was take blood pressure."

The original complaint also made claims about the jail's mail procedures, which have been allowed to go forward.

As relief, Plaintiff asked for monetary damages and "to fix the mailing procedures."

Because Plaintiff had alleged constitutional violations due to a custom or policy of CCJ regarding his inability to obtain medication and regarding the postal restrictions, the Court allowed those claims to continue against Defendant Claud in his official capacity. The Court found that Plaintiff did not allege a policy or custom regarding his claim that he did not receive adequate medical attention from Dr. Paulis or others and dismissed that claim against Defendant Claud in his official capacity. Plaintiff was given an opportunity to amend his complaint to name in their individual capacities the Defendant(s) responsible for the alleged denial of medical treatment.

Plaintiff's amended complaint names as Defendants CCJ Jailer Ken Claud in his individual capacity; the CCJ; and CCJ Dr. Charles Paulis in his individual capacity. Plaintiff reiterates his Eighth Amendment claims related to not receiving treatment for his migraine headaches. The amended complaint adds:

> I have filled out the proper grievance paper that has been answered by the Jailer Ken Claud who has told me to purchase them of[f] canteen also. The [CCJ] who house state inmates is not supposed to deny an inmate any proper medical care due to lack of money. I am being discriminated against by the doctor, Jailer and [CCJ.]

The amended complaint asks for monetary damages and "to fix medical procedures in CCJ."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Injunctive relief claims*

Plaintiff asked for injunctive relief in the complaint and amended complaint in the form of fixing the mail and the medical procedures at CCJ. However, Plaintiff has been transferred to another jail. Thus, his requests for injunctive relief are moot because he is no longer incarcerated at the CCJ. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Those claims will be dismissed.

### *Claim against CCJ*

The CCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Therefore, the CCJ will be dismissed as a party to this action.

3

*Discrimination claim*

Plaintiff alleges in the amended complaint that he is being discriminated against because he does not have the money to purchase medication from the canteen. The Court construes this allegation to be that he is being denied equal protection of the law based on poverty. However, indigent prisoners are not a protected class subject to the Equal Protection Clause. *Harris v. McRae*, 448 U.S. 297, 323 (1980) (holding that poverty is not a suspect class for an equal protection claim); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) (holding that indigent prisoners are not a suspect class). Plaintiff's claim for relief for violation of the Equal Protection Clause will be dismissed.

*Individual-capacity claim against Defendant Claud*

Plaintiff's allegation against Defendant Claud in his individual capacity is that Defendant Claud denied Plaintiff's grievance related to not receiving medical treatment. A plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *see also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, the individual-capacity claim against Defendant Claud will be dismissed.

*Individual-capacity claim against Defendant Paulis*

On review, the Court will allow Plaintiff's individual-capacity claim against Defendant Paulis for deliberate indifference to his medical needs to continue.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's § 1983 claims against Defendant Claud in his individual capacity and against CCJ, as well as his claims for discrimination and for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(l) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate the Calloway County Jail as a party to this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims.

Date:


cc:   Plaintiff, *pro se*
      Defendants
      Calloway County Attorney
4413.009